IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANTHONY E. GRIGSBY,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No.: 1:25-cv-481-ACA |
| | ) |
| **KOCH FARMS OF GADSDEN, LLC,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

In 2020, a bankruptcy trustee filed a lawsuit on behalf of Plaintiffs Anthony Grigsby, Christy Grigsby, and Grigsby Farms (collectively "the Grigsbys"), asserting, among other things, a claim of fraud against Koch Farms of Gadsden, LLC, Koch Foods, Inc., and Koch Foods, LLC, among other defendants. *Leo v. Koch Foods, LLC,* No. 20-1997, doc. 1 at 35–36 (N.D. Ala. Dec. 11, 2020) ("*Grigsby I*"). After the bankruptcy estate was closed and the trustee discharged, he moved to substitute the Grigsbys for himself. (*Grigsby I* doc. 116). The court granted that motion. (*Grigsby I* doc. 117). The court later dismissed the federal claim giving rise to federal question jurisdiction and declined to exercise supplemental jurisdiction over the state law claims, including the fraud claim. (*Grigsby I* doc. 122).

The Grigsbys then refiled their state law claims including the fraud claim (Doc. 1-1 at 6–56). Koch removed the case to federal court (Doc. 1), and the

Grigsbys amended their complaint which still asserted the fraud claim against Koch Farms of Gadsden, LLC, Koch Foods of Alabama, LLC, and Koch Foods, Inc. (collectively "Koch"). (Doc. 33 at 2). Koch moved to dismiss the fraud claim as barred by the statute of limitations. (Doc. 37). The court denied that motion on the basis that the trustee had timely filed the fraud claim under 11 U.S.C. § 108(a)(2). (Doc. 43 at 8–9; doc. 44).

Koch now moves for reconsideration of the denial, arguing that the court erred by giving the Grigsbys the benefit of § 108(a)(2) because that tolling provision applies only to bankruptcy trustees and debtors-in-possession. (Doc. 50 at 5–9). Koch argues that the Grigsbys's bankruptcy plan has been confirmed and the estate closed, making the Grigsbys post-confirmation debtors who are not entitled to § 108(a)(2) tolling. (*Id.*) "[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267–68 (N.D. Ala. 2006). Motions for reconsideration should not be a "knee-jerk reaction to an adverse ruling." *Id.* at 1268. (quotation marks omitted). Reconsideration is available only "when a party presents the court with evidence of an intervening change in controlling law, the availability of new

evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).[1]

Defendants have not pointed to any intervening change in the controlling law or any new evidence. Instead, they first argue that the court erred based on non-binding and factually distinguishable caselaw. (*See* doc. 50 at 5–7). Importantly, the Grigsbys were not post-confirmation debtors when the trustee filed their fraud claim and benefited from the § 108(a)(2) tolling provision. Likewise, Defendants' argument about the effect of substitution (doc. 50 at 8–9), does not establish clear error or manifest injustice because the substitution did not provide them a substantive right to which they had not previously been entitled. Accordingly, the caselaw Defendants have cited for the first time does not establish a clear error or manifest injustice that the court must correct. *See Summit*, 284 F. Supp. 2d at 1355. The court therefore **DENIES** the motion for reconsideration. (Doc. 49). The court **FINDS** the Grigsbys' motion for an extension of time to file a reply **MOOT**. (Doc. 52).

---

[1] Although the cases cited in this order are non-precedential district court opinions, the court finds them persuasive.

**DONE** and **ORDERED** this July 8, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE